NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR EKBERG NERI ALVAREZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-70876 Agency No. A078-439-328 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Oscar Ekberg Neri Alvarez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at 1241-42. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Neri Alvarez failed to establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving treatment that rises to the level of persecution).

Substantial evidence also supports the agency's determination that Neri Alvarez did not establish membership in his proposed social group of "family members of people who have been killed by organized crime." *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (applicant must demonstrate "membership in that particular social group" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014))). The agency did not err in finding that Neri Alvarez's returnee-based social group was not cognizable. *See Reyes*, 842 at 1131 (explaining cognizability standard); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" was too broad to qualify as a cognizable social group).

Thus, Neri Alvarez's withholding of removal claim fails.

16-70876

We lack jurisdiction to consider the new proposed social groups that Neri Alvarez raises in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Neri Alvarez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if he returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's June 21, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.